JUDGE LYNCH

07 CIV 9848

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

GETEX INVEST TRADING G.M.B.H.

Plaintiff, 07 CV

-v-

**VERIFIED COMPLAINT**

OOO PEF VOLGAREMFLOT

Defendant.

---------------------------------------------------------------------x

NOV 07 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, GETEX INVEST TRADING G.M.B.H. (hereinafter "GETEX"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, OOO PEF VOLGAREMFLOT (hereinafter "PEF"), alleges upon information and belief as follows:

JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

THE PARTIES

2. At all times material hereto, Plaintiff, GETEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Wipplingerstrasse 1/2, A-1010 Vienna, Austria.

3. At all times material hereto, Defendant, PEF, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country,

with an office and principle place of business at 433303 Ulyanovskaya oblastj, Uljanovskiy rayon, s.Kriushi, Russia.

FACTS AND CLAIM

4. GETEX, as charterer, and PEF, as owner, entered into a voyage charter Contract of Affreightment (hereinafter "COA"), for the carriage of certain grain products.

5. The COA, memorialized on a "GENCON" charter party form, is a maritime contract.

6. Pursuant to the terms of this COA agreement, PEF was to carry a total of thirty thousand (30,000) metric tons of cargo, at a freight rate of US$15.00 per metric ton.

7. However, despite PEF's obligations pursuant to the COA, PEF only carried a total of 7,934.26 metric tons of cargo.

8. As a result, plaintiff, GETEX, has been forced to find replacement vessels to carry the remainder of 22,065.74 metric tons of cargo. The replacement vessels have cost GETEX an additional US$7.50 per metric ton, or US$165,493.07, in excess of the freight costs that would have been incurred had PEF performed its obligations under the COA agreement,

9. Additionally, as a further result of defendant PEF's breach of the COA, plaintiff, GETEX, has incurred additional costs and damages for storage, in the amount of US$66,197.23, and for lost interest, in the amount of US$54,833.37.

10. As an even further result of defendant PEF's breach of the COA, plaintiff, GETEX, has been forced to incur a new export tax of 22 Euros per metric ton for 6,000 metrics tons of the remaining cargo, as well as 70 Euros per metric ton for 300 metric

tons of the remaining cargo. The total export tax incurred by GETEX on the remaining cargo is 153,000 Euros, *i.e.* US$ 222,713.28.

11. Despite GETEX's repeated demands for payment by PEF, defendant PEF, in breach of the terms of the COA, has failed, neglected and/or otherwise refused to pay plaintiff, GETEX, US$509,236.95 the sum due and owing GETEX.

12. In accordance with the terms of the COA agreement, disputes arising out of the COA are to be resolved by arbitration proceedings. GETEX has demanded PEF to proceed to arbitration with this matter.

13. As best as can be determined at this time, costs and legal fees incurred and to be incurred will be an amount not less than US$100,000.00. Therefore, GETEX's total claim against PEF is US$609,236.95.

BASIS FOR ATTACHMENT

14. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

15. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of

vessels, or charterers, to Defendant, SAMARA, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $1,218,473.90 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
November 7, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
GETEX INVEST TRADING G.M.B.H.

By: ______________________________

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GETEX INVEST TRADING G.M.B.H.

Plaintiff,

-v-

OOO PEF VOLGAREMFLOT

Defendant.
-----------------------------------------------------------------x

07 CV

**VERIFICATION OF COMPLAINT**

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1. I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, GETEX INVEST TRADING G.M.B.H., herein;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
November 7, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
GETEX INVEST TRADING G.M.B.H.

By: ______________________________

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com